While most of the cases concerning juror misconduct where the juror visits the crime scene or conducts some experiment require reversal, the defense in this case did not meet its burden of proof. "Juror misconduct will justify a new trial when it indicates bias or corruption, or when the misconduct affected the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law." Whitten v. Allstate Ins. Co.,447 So.2d 655, 658 (Ala. 1984). The defense established by affidavit that a juror took an unauthorized view of the scene of arrest and then relayed her opinion to other jurors that the officers were indeed in a position to see whether the appellant suffered a head injury prior to his arrest. However, the State rebutted that evidence with affidavits of other jurors asserting that this extraneous information did not influence their verdict. It is clear that the defense did not establish that the misconduct affected the verdict or that bias or corruption resulted from the juror's action. Moreover, it appears that the scene of arrest was near the front entrance to the Jefferson County Courthouse, a view in plain sight of the jurors as they entered and left the courthouse. Additionally, based on the majority's opinion, it appears that there was no factual dispute at trial concerning whether the appellant was in view of police officers at the time he alleges that he was knocked unconscious. Therefore, the defense did not prove that prejudice existed as a matter of law.